# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2019

No. 18-30777

Lyle W. Cayce
Clerk

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties - Appellants

v.

CLAIMANT ID 100238083,

Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-4972

Before HAYNES and DUNCAN, Circuit Judges.[1]

PER CURIAM:[*]

BP appeals the district court's denial of discretionary review of
Claimant's award under the Court Supervised Settlement Program. BP argues
the award was improper because Claimant is a pass-through entity and
because the Claims Administrator improperly categorized a large donation as

---

[1] Judge Graves was a member of the panel that heard oral argument. He has since
recused; thus, this opinion is entered by a quorum of this court. *See* 28 U.S.C. § 46(d).

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-30777

typical revenue received in 2009. We agree that the district court abused its discretion in denying review and REMAND for the district court to engage in a review consistent with this opinion.

Claimant, a foundation (the "Foundation"), submitted a Business Economic Loss claim in 2013 pursuant to the Deepwater Horizon Economic & Property Damages Settlement Agreement. We have many times described the circumstances surrounding the Settlement Agreement and the process for submitting a claim, *see e.g.*, *In re Deepwater Horizon*, 732 F.3d 326, 329–30 (5th Cir. 2013), so we do not repeat that information here.

The Foundation is a non-profit entity created to support a local arts center through fundraising efforts. In 2009, the Foundation received a pledge for $20 million. The Claims Administrator initially awarded the Foundation $221,009.55 but the Foundation sought re-review, arguing the Claims Administrator had failed to consider the 2009 pledge. The Claims Administrator then awarded the Foundation $20,084,661.60. BP appealed the award to an Appeal Panel. BP argued that the $20 million pledge could not count as revenue for the Foundation because the Foundation is "a pass-through conduit for donations en route to the Center," and that if the pledge could count as revenue, it was improper to consider the large, outlier pledge as typical revenue and to treat the donation as revenue for the year it was pledged rather than received. The Appeal Panel ruled for the Foundation, holding that the Foundation was not a pass-through entity and that it was not unusual for a non-profit to receive "random significant gifts."

BP sought discretionary review in the district court, but the district court denied review. BP timely appealed. On appeal, BP urges the same arguments it made before the Appeal Panel. It also argues that the district court abused its discretion because the Foundation failed to meet the Settlement Program's

attestation requirement and because the Foundation is not a member of the settlement class.

We review the district court's denial of review for abuse of discretion. *Holmes Motors, Inc v. BP Expl. & Prod. Inc.*, 829 F.3d 313, 315 (5th Cir. 2016). The district court can abuse its discretion in two ways. First, it abuses its discretion when it denies review of a decision that contradicts or misapplies the Settlement Agreement or had the clear potential do to so. *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (per curiam). Second, it abuses its discretion by denying review of "a recurring issue on which the Appeals Panels are split if 'the resolution of the question will substantially impact the administration of the Agreement.'" *Id.* (quoting *In re Deepwater Horizon*, 632 F. App'x 199, 203–04 (5th Cir. 2015) (per curiam)).

We address BP's final issue first because if the Foundation is not a member of the settlement class, we can stop our analysis there. BP argues for the first time that the Foundation is not a class member under the Settlement Agreement because it has "no full-time employees." But BP has waived this argument. BP admits it did not raise this argument in its request for discretionary review but argues it sufficiently "pointed out" the issue in its initial proposal memorandum to the Appeal Panel. We disagree. BP's memorandum argued the Foundation "had no full-time employees" only for the proposition that the Foundation was a mere pass-through conduit that could not "generate revenue" under the Agreement. Thus, BP failed to raise this issue below. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469–70 (2000) (noting that lower court must be fairly put on notice about the issue's substance so that it understands the argument before it); *In re Deepwater Horizon*, 857

F.3d 246, 251 (5th Cir. 2017) (declining to review issues not raised before the district court).[2]

We move next to BP's substantive arguments, which boil down to BP's assertion that the Foundation's claim as to the $20 million donation was not caused by the oil spill.

First, as to BP's argument that the district court should have reviewed whether the Foundation is a pass-through entity because appeal panels are split on the issue, we agree. The Appeal Panel here concluded that the Foundation was not a pass-through entity because "Claimant accepts donations from which it pays expenses, makes investments, maintains a cash surplus, and makes charitable distributions. Further, Claimant's annual tax returns do not zero out every year." The district court is not required to review a factual determination that an organization does not qualify as a pass-through entity. *See BP Expl. & Prod., Inc. v. Claimant ID 100217946,* 919 F.3d 258, 263 (5th Cir. 2019) (per curiam); *Claimant ID 100212278,* 848 F.3d at 410. But appeal panels are split about the proper framework for making this determination. *See, e.g.,* 56 APD 2018-722 (noting that "[i]f Claimant were truly a 'conduit' the net assets at year-end would be zero"); 54 APD 2018-394 (noting the claimant was not a pass-through entity because it had "ultimate

---

[2] We also disagree that this issue is jurisdictional such that it cannot be waived. *Cf. Spokeo, Inc. v. Robins*, 136 S. Ct. 1560 (2016) (addressing requirements for Article III standing). While the quantity of injury may be in dispute, BP does not dispute that the Foundation claims injuries from the oil spill; instead, it challenges its class membership. The Settlement Agreement defines the class. *See In re Deepwater Horizon*, 739 F.3d 790, 797 (5th Cir. 2014) ("Exhibit 4B set forth criteria for prospective claimants to demonstrate to the Claims Administrator that their losses were caused by the Deepwater Horizon oil spill."). Thus, whether the Foundation qualifies as a class member requires interpretation of the Settlement Agreement, over which the district court, and by extension, we, retain jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) (concluding that a court may retain jurisdiction over settlements); *In re Deepwater Horizon*, 732 F.3d at 332 n.3 (noting we have jurisdiction over the district court's denials of discretionary review under the collateral order doctrine).

authority and control over how the funds were disbursed"); 18 APD 2015-459 (concluding the claimant was a pass-through entity because it only temporarily possessed the funds). Because the categorization of an organization as a pass-through entity is a recurring issue on which appeal panels are split, the district court abused its discretion by declining to review this issue, *see Claimant ID 100212278,* 848 F.3d at 410, and remand is appropriate.

Second, we conclude that remand is also appropriate on BP's remaining issues. BP argues that the Appeal Panel erred by (1) considering the $20 million pledge as "typical revenue" under the Settlement Agreement when the Foundation had never before received such a large donation and (2) considering the entire pledge as revenue in 2009 even though the Foundation received the donation incrementally. Because of the problems with the Foundation's claim, BP argues that the Foundation did not meet the Settlement Program's attestation requirement since there is no nexus between the BP oil spill and this aspect of the Foundation's alleged loss.[3]

"The Settlement Agreement contained many compromises. One of them was to provide in only a limited way for connecting the claim to the cause." *In re Deepwater Horizon*, 744 F.3d 370, 378 (5th Cir. 2014). Nevertheless, we have also noted that "we are reluctant to say that all claims must be accepted no matter how clear the absence of the required nexus may be." *Id.* Here, the Appeal Panel never addressed BP's argument that the pledge should not count as revenue for 2009. Indeed, the Foundation never provided the pledge agreement to the Claims Administrator, and although it provided a redacted version to the Appeal Panel, it omitted Appendix A, which "sets forth details

---

[3] The Foundation argues that BP waived this argument because it did sufficiently brief it at the district court. But BP need not do so; it has stipulated that it has "fully preserved its attestation argument . . . and [] need not brief the attestation issue to the Appeal Panel or District Court to preserve the issue."

regarding the gift and its payment." The record is also thinly developed about whether the Foundation had any full-time employees, which BP argues bears on this and other issues in the case.

In addition, after the district court denied review, we issued two decisions that inform the causation requirement. *See BP Expl. & Prod., Inc. v. Claimant ID 100281817*, 919 F.3d 284, 288 (5th Cir. 2019) (noting that "[o]nly claimants who suffer unexpected damages can submit an Individual Economic Loss Claim" when concluding that a basketball player who earned less in 2010 than 2009 because his contract was front-loaded did not meet the attestation requirement); *BP Expl. & Prod., Inc. v. Claimant ID* 100141850, 919 F.3d 887, 891 (5th Cir. 2019) (declining to find an abuse of discretion but noting that "where . . . the Claimant's attestation plainly gives rise to suspicion or BP has presented credible evidence of a sole, superseding cause for a claimant's loss . . . an investigation into the plausibility of the attestation may be warranted").

Because the district court did not have the benefit of these decisions when it ruled and because we are not the factfinder, we conclude that the district court should review this argument in the first instance and determine whether to remand it to the Claims Administrator for additional factfinding.

Accordingly, we REVERSE the district court's denial of discretionary review and REMAND for proceedings consistent with this opinion.