NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDY A. EULITT on behalf of herself and All Tenants of All RV Parks in San Diego Since 1968,<br><br>         Plaintiff-Appellant,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>         Defendant-Appellee. | No.    21-55920<br><br>D.C. No.<br>3:18-cv-02721-AJB-WVG<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted May 14, 2024
Pasadena, California

Before:  COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Sandy Eulitt brings federal and state housing claims against the City of San

Diego (the "City"), alleging discriminatory enforcement of a rule requiring tenants

in San Diego trailer parks to relocate their recreational vehicles every six months

(the "Six-Month Rule"). The district court granted the City's motion to dismiss

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Eulitt's *pro se* Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand.

For the first time on appeal, the City contends that it repealed the ordinance originating the Six-Month Rule in 1954, decades before the events alleged in Eulitt's complaint. Because the City's belated contention dramatically altered the nature of the issues on appeal, we vacate the district court's order and remand for the district court to consider these issues in the first instance. *Cf. Zubik v. Burwell*, 578 U.S. 403, 408–09 (2016) (per curiam) (vacating and remanding to permit lower courts to consider, in the first instance, significant clarifications in the parties' positions on appeal). The district court shall grant Eulitt additional leave to amend if she seeks it.

**VACATED and REMANDED. Costs shall be taxed against appellee.[1]**

---

[1] The City's motion for judicial notice, Dkt. 41, is denied. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court cannot take judicial notice of disputed facts contained in . . . public records.").