# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2019

Lyle W. Cayce
Clerk

No. 18-30595

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

     Requesting Parties - Appellants

v.

CLAIMANT ID 100224371,

     Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-3260

Before WIENER, DENNIS, and OWEN, Circuit Judges.

WIENER, Circuit Judge*

This appeal comes to us following an award granted under the Deepwater Horizon Economic and Property Damages Settlement Agreement ("the Settlement Agreement"). Defendant-Appellant BP Exploration & Production, Inc. ("BP") appeals the district court's denial of its request for

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretionary review of the award granted to Claimant ID 100224371 ("Atlas Roofing").

Following the Deepwater Horizon oil spill in April 2010, BP entered into the Settlement Agreement, which is being implemented by the Court Supervised Settlement Program ("CSSP"). Under the Settlement Agreement, businesses may submit business economic loss claims ("BEL" claims) for losses "allegedly arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon incident." As part of the claim calculation, the Settlement Agreement provides a formula that uses corresponding revenues and expenses from a specified time. In response to direction from the district court, the Claims Administrator developed Policy 495 to handle BEL claims with mismatched revenues and expenses. Policy 495 provides seven criteria to be used in determining whether financial records are sufficiently matched. If a claimant's financial records do not trigger one of the seven criteria, the claim is *presumed* to be sufficiently matched. However, the CSSP accountants, using their professional judgment, may determine that there are other indicators that the financial records are not sufficiently matched. If any one criterion is triggered or the CSSP accountants determine that a claimant's financial records are not sufficiently matched, the claim is subject to further review using the Annual Variable Margin methodology ("AVMM").[1]

Atlas Roofing filed a BEL claim in July 2013. CSSP accountants did not identify Atlas Roofing's claim for analysis under the AVMM and, in May 2017, the Claims Administrator awarded Atlas Roofing approximately $ ████████. BP appealed this award to a Settlement Appeal Panel. That panel affirmed the

---

[1] The AVMM is "applied to adjust a claimant's contemporaneous P&Ls that have been deemed not to be 'sufficiently matched.'"

award, and BP appealed to the district court, which declined to review the award. BP now appeals the district court's decision to deny discretionary review.

BP contends that the district court abused its discretion by declining to review the award because the award (1) contravenes Policy 495 and (2) raises an important question about how to interpret the Settlement Agreement. BP alleges that Atlas Roofing's financial records contain "other significant indicia" of mismatching and argues that, by failing to apply the AVMM to Atlas Roofing's claim, the CSSP accountants disregarded the intent of the Settlement Agreement and abused their discretion. Atlas Roofing responds that the district court did not abuse its discretion simply because BP disagrees with the discretionary administrative decision made by the CSSP on the facts of this particular claim.

*a. Legal Standard*

Under the Settlement Agreement, the district court is granted "a discretionary right of review, which is not a right for the parties to be granted such review."[2]

> The district court has discretion to deny review of the Appeal Panel's decision, and we review the district court's decision for abuse of discretion.
>
> While we have not defined the exact limits of a district court's discretion to deny review, we have said that a district court abuses its discretion when it denies review and one of the following factors exist: (1) the request for review raises an issue that has split the Appeal Panels and would substantially impact the Settlement Agreement's administration once resolved; (2) the dispute concerns a pressing question about how to interpret the Settlement Agreement's rules; or (3) the Appeal Panel misapplied or contradicted the Settlement Agreement, or had the clear potential to do so.

---

[2] *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 316–17 (5th Cir. 2016) (internal quotations omitted).

We have also been careful not to transform discretionary review into mandatory review. Accordingly, the district court need not review a claim that raises a non-pressing Settlement Agreement interpretation issue or merely challenges "the correctness of a discretionary administrative decision in the facts of a single claimant's case."[3]

### b. Analysis

First, we do not "ask the district court to consider every claim that involves a possible misapplication or contradiction" of the Settlement Agreement.[4] Rather, we "require review only if the Appeal Panel's decision was 'incongruent with the language of the Settlement Agreement.'"[5] "The Settlement Agreement contemplates that loss calculations are to be based upon accounting records that *sufficiently* match revenues with expenses." To that end, the Claims Administrator developed Policy 495 "to achieve sufficient 'matching' in such a way that [a claimant's] accounting records may serve as a basis for 'realistic measurement of economic loss.'"[6] Policy 495 sets out a "process for identifying those claims whose . . . financial records fail to sufficiently match revenues with expenses." This process involves consideration of the seven criteria. If the claim triggers one or more of those criteria, then it is identified for "further matching analysis."

> Any claim . . . that does not fall within one of the . . . seven criteria shall be presumed to be "sufficiently matched," provided; however, that if in the professional judgment of the CSSP Accounting Vendors, a claimant's financial records contain other significant indicia that the claim may not be "sufficiently

---

[3] *Claimant ID 100028922 v. BP Expl. & Prod., Inc.*, 710 F. App'x 184, 186–87 (5th Cir. 2017) (quoting *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (per curiam)).

[4] *Claimant ID 100028922*, 710 F. App'x at 188.

[5] *Id.* (quoting *Claimant ID 100250022 v. BP Expl. & Prod., Inc.*, 847 F.3d 167, 170 (5th Cir. 2017) (per curium)).

[6] "It is the intent of th[e] policy to ensure both causation determination and compensation determination are both based on sufficiently matched P&Ls."

matched," the CSSP reserves the right to identify such claim for further matching analysis as set forth below.

Here, "[w]hen the program accountant submitted [Atlas Roofing's] P&Ls to matching analysis, none of the criteria of Policy 495 was triggered," and Atlas Roofing's claim was presumed "sufficiently matched." From that point, Policy 495 provides that determination of "other significant indicia" is based on the discretion of the CSSP Accounting Vendors according to their professional judgment. BP claims that there were "other significant indicia," but it has not demonstrated that these indicia were identified by the CSSP accountants. More importantly, the CSSP accountants followed the process outlined in Policy 495 and simply exercised their professional judgment regarding this individual claim. The fact that BP disagrees with the accountants' exercise of professional judgment does not mean that they misapplied or contradicted the Settlement Agreement.

"[T]he clear purpose of the Settlement Agreement [is] to curtail litigation" and, as a practical matter, these claims must be handled by the settlement process.[7] In the absence of a blatant violation of or disregard for the Settlement Agreement, a third review of an award is inappropriate. The CSSP accountants followed the process provided by the Settlement Agreement and Policy 495, and they merely exercised their professional judgment. Neither they nor the Appeal Panel misapplied or contradicted the Settlement Agreement.

Second, "[w]e do not ask district courts to review every claim that poses an interpretive issue. We require review only when the Appeal Panel's decision involves a non-isolated or substantial error of interpretation."[8] Here, the crux

---

[7] *Holmes Motors*, 829 F.3d at 316–17.
[8] *Claimant ID 100028922*, 710 F. App'x at 188.

of the disagreement is whether Atlas Roofing's revenues and expenses were sufficiently matched. This is a factual disagreement rather than an interpretation disagreement. Because, as described above, the CSSP accountants followed the procedure outlined in Policy 495 to evaluate Atlas Roofing's financial records for sufficient matching, they were within their discretion to decline further review of these records. The purpose of the policy is well served by the procedure for identification of unmatched claims, and the accountants followed this procedure.[9] Furthermore, Policy 495 states that (1) absent the triggering of one or more of the seven criteria, any further review is within the accountants' professional judgment, and (2) they merely "reserve the right to identify such a claim for further matching analysis." Additionally, the instant award and the Appeal Panel decision do not set precedent that must be followed when granting future awards. This decision regarding alleged mismatching of criteria applies only to Atlas Roofing.

BP "has not shown that any of the abuse-of-discretion factors are present."[10] The district court thus did not abuse its discretion in declining to review the award to Atlas Roofing.

AFFIRMED

---

[9] Both parties provided input during the formulation of Policy 495 and were able to respond with concerns during the drafting process.

[10] *Claimant ID 100028922*, 710 F. App'x at 187. BP does not allege that its "request for review raises an issue that has split the Appeal Panels." *Id.*