# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2019

Lyle W. Cayce
Clerk

No. 18-31048

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties - Appellants

v.

CLAIMANT ID 100296061,

Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-7420

Before WIENER, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

This appeal comes to us following an award granted under the
Deepwater Horizon Economic and Property Damages Settlement Agreement
("the Settlement Agreement"). BP Exploration & Production, Inc. ("BP")
appeals the district court's denial of its request for discretionary review of the
award granted to Claimant ID 10029601 ("the Claimant").

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-31048

Following the Deepwater Horizon oil spill in April 2010, BP entered into the Settlement Agreement, which is being implemented by the Court Supervised Settlement Program ("CSSP"). Under the Settlement Agreement, businesses may submit business economic loss claims ("BEL" claims) for losses "allegedly arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon incident."

Here, the Claimant, the former owner of a professional basketball team, submitted a BEL claim in April 2013. In October 2017, the Claims Administrator issued a final Eligibility Notice for the Claimant. BP appealed the award to an Appeal Panel in December 2017. The Appeal Panel unanimously adopted the Claimant's final award proposal. BP requested discretionary review of the Appeal Panel's decision by the district court, but the district court declined to review the award. BP now appeals that decision to this court.

BP contends that the district court abused its discretion by declining to review the award because the CSSP erred when it characterized (1) specific expenses as fixed rather than variable and (2) the sale of a draft pick as a "negative salary expense" rather than as a gain from the sale of an asset. BP also contends that the Appeal Panel erred by granting the Claimant an award that was more than the CSSP's final Eligibility Notice.

*A. Legal Standard*

Under the Settlement Agreement, the district court is granted "a discretionary right of review, which is not a right for the parties to be granted such review."[1]

---

[1] *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 316–17 (5th Cir. 2016) (internal quotations omitted).

2

No. 18-31048

The district court has discretion to deny review of the Appeal Panel's decision, and we review the district court's decision for abuse of discretion.

While we have not defined the exact limits of a district court's discretion to deny review, we have said that a district court abuses its discretion when it denies review and one of the following factors exist: (1) the request for review raises an issue that has split the Appeal Panels and would substantially impact the Settlement Agreement's administration once resolved; (2) the dispute concerns a pressing question about how to interpret the Settlement Agreement's rules; or (3) the Appeal Panel misapplied or contradicted the Settlement Agreement, or had the clear potential to do so.

We have also been careful not to transform discretionary review into mandatory review. Accordingly, the district court need not review a claim that raises a non-pressing Settlement Agreement interpretation issue or merely challenges "the correctness of a discretionary administrative decision in the facts of a single claimant's case."[2]

### B. Analysis

BP contends that the CSSP made two errors. First, BP complains that the CSSP erred by classifying some expenses as fixed rather than variable. BP argues that expenses for broadcasting, catering, and arena staffing, among others, should be classified as variable expenses because they fluctuate based on the number of basketball games played. Second, BP complains that the CSSP erred by treating the sale of a draft pick as a "negative salary expense" instead of as the sale of an asset.

BP further contends that the Appeal Panel erred by picking the higher of the two award amounts in the Claimant's Final Proposal because that amount was higher than the CSSP's "most recent eligibility notice." The

---

[2] *Claimant ID 100028922 v. BP Expl. & Prod., Inc.*, 710 F. App'x 184, 186–87 (5th Cir. 2017) (quoting *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (per curiam)).

No. 18-31048

Appeal Panel stated that, "Although the Claimant's Final Proposal exceeds the Program's final Eligibility Notice award, the Baseball Process provides, in this appeal, that the Panel shall select the Final Proposal closest to the correct award."[3]

BP's contentions are related to its allegation that Claimant's losses were not caused by the oil spill.

> "The Settlement Agreement contained many compromises. One of them was to provide in only a limited way for connecting the claim to the cause." Nevertheless, we have also noted that "we are reluctant to say that all claims must be accepted no matter how clear the absence of the required nexus may be." . . .
>
> In addition, after the district court denied review, we issued two decisions that inform the causation requirement. *See BP Expl. & Prod., Inc. v. Claimant ID 100281817*, 919 F.3d 284, 288 (5th Cir. 2019)(noting that "[o]nly claimants who suffer unexpected damages can submit an Individual Economic Loss Claim" when concluding that a basketball player who earned less in 2010 than 2009 because his contract was front-loaded did not meet the attestation requirement); *BP Expl. & Prod., Inc. v. Claimant ID 100141850*, 919 F.3d 887, 891 (5th Cir. 2019) (declining to find an abuse of discretion but noting that "where . . . the Claimant's attestation plainly gives rise to suspicion or BP has presented credible evidence of a sole, superseding cause for a claimant's loss . . . an investigation into the plausibility of the attestation may be warranted").
>
> Because the district court did not have the benefit of these decisions when it ruled and because we are not the factfinder, we conclude that the district court should review this argument in the

---

[3] "Under the baseball process, 'the Claimant and the BP Parties exchange and submit in writing to the Appeal Panelist or Appeal Panel their respective proposals . . . for the base Compensation Amount they propose the Claimant should receive' and if the parties do not reach an agreement, 'the Appeal Panelist or Appeal Panel must choose to award the Claimant either the Final Proposal by the Claimant or the Final Proposal by the BP Parties but no other amount.' Agreement § 6.2." *In re Deepwater Horizon*, 785 F.3d 986, 989 n.1 (5th Cir. 2015).

No. 18-31048

first instance and determine whether to remand it to the Claims Administrator for additional factfinding.[4]

### *C. Conclusion*

For these reasons, we REVERSE the district court's denial of discretionary review and REMAND for proceedings consistent with this opinion.

---

[4] *BP Expl. & Prod., Inc. v. Claimant ID 100238083*, 2019 WL 3294088, at *3 (5th Cir. July 22, 2019) (quoting *In re Deepwater Horizon*, 744 F.3d 370, 378 (5th Cir. 2014)).