# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2019

Lyle W. Cayce
Clerk

————

No. 18-30644

————

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties – Appellants,

v.

CLAIMANT ID 100166533,

Objecting Party – Appellee.

————

Appeal from the United States District Court
for the Eastern District of Louisiana

————

Before STEWART, Chief Judge, and DAVIS and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

This *Deepwater Horizon* case involves the fixed vs. variable cost issue that has arisen frequently in appeals of claims submitted pursuant to BP's Economic and Property Damages Settlement Agreement (Settlement Agreement). Because the reviews conducted by the Claims Administrator and Appeal Panel were consistent with our recent decision in *Texas Gulf Seafood*, and because BP's arguments regarding the substantive accuracy of the "fixed" classification only raise the correctness of a fact-dependent decision in a single claimant's case, we AFFIRM the district court's judgment.

No. 18-30644

I.

The claimant here, Ordes Services LLC (Ordes), is an electrical contractor that provides installation, maintenance, and repair services in southeast Louisiana. Ordes submitted a claim pursuant to the Settlement Agreement in March 2013. Relevant here, in the profit-and-loss statements Ordes submitted with its claim, Ordes recorded an expense labeled "Management Fee." The Claims Administrator requested additional information about this expense during the processing of Ordes's claim.

In October 2017, the Claims Administrator determined that Ordes was entitled to $2.1 million under the Settlement Agreement. In calculating the award, the Claims Administrator classified Ordes's Management Fee as a "fixed" cost rather than a "variable" cost under the Settlement Agreement.[1] BP appealed to a three-member Appeal Panel, challenging the Claims Administrator's treatment of the Management Fee. The Appeal Panel concluded that the Claims Administrator had properly categorized the expense as fixed and affirmed Ordes's award. The district court denied BP's request for discretionary review.

---

[1] We explained the significance of the fixed vs. variable cost classification in *Texas Gulf Seafood*:

> Variable Profit is central to calculating damages in a [Business Economic Loss] Claim. Step 1 Compensation is determined by calculating "the difference in Variable Profit between the 2010 Compensation Period selected by the claimant and the Variable Profit over the comparable months of the Benchmark Period." Variable Profit, in turn, is defined as the sum of monthly revenue over the Benchmark Period minus variable costs identified in Exhibit 4D, among others. Thus, whether a cost is defined as "variable" (and factored into Variable Profit calculations) or "fixed" (and excluded from such calculations) can significantly alter the size of an award.

*BP Expl. & Prod., Inc. v. Claimant ID 100094497* (*Texas Gulf Seafood*), 910 F.3d 797, 799 (5th Cir. 2018). Exhibit 4D to the Settlement Agreement, which contains a list of expenses the parties have designated as either fixed or variable, lists "Fees" as a fixed cost.

No. 18-30644

## II.

This court reviews the district court's denial of discretionary review for an abuse of discretion. *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016). The district court abuses its discretion if the decision it declined to review "actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Id.* (quoting *In re Deepwater Horizon*, 641 F. App'x 405, 409–10 (5th Cir. 2016)). It is also an abuse of discretion to deny a request for review that "raises a recurring issue on which the Appeal Panels are split if 'the resolution of the question will substantially impact the administration of the Agreement.'" *BP Expl. & Prod., Inc. v. Claimant ID 100094497* (*Texas Gulf Seafood*), 910 F.3d 797, 800 (5th Cir. 2018) (quoting *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017)). In contrast, the district court does not abuse its discretion if it denies a request for review that "involve[s] no pressing question of how the Settlement Agreement should be interpreted and implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Id.* (alterations in original) (quoting *Claimant ID 100212278*, 848 F.3d at 410).

## III.

On appeal, BP contends that the district court's denial of discretionary review was an abuse of discretion for two reasons: (1) the district court failed to resolve an Appeal Panel split regarding the proper approach to classifying fixed vs. variable expenses; and (2) classifying the Management Fee as "fixed" was substantively incorrect.

### A.

We recently resolved the Appeal Panel split that BP complains of in our decision in *Texas Gulf Seafood*. There, we set out the proper approach for

3

No. 18-30644

Claims Administrators and Appeal Panels in classifying fixed vs. variable costs under the Settlement Agreement:

> [T]his court holds that the Settlement Agreement requires claims administrators to use their independent judgment and classify expenses as "fixed" or "variable" according to their substantive nature, rather than rational basis review of the claimants' own descriptions. Appeal Panels, too, are bound by the substantive nature of the expense claims under the Settlement Agreement rather than the claimants' inaccurate characterizations.

*Id.* at 802. Because the Appeal Panel relied on the claimant's "rational basis" for classifying the disputed expense as fixed rather than conducting an independent review, we vacated the claimant's award and remanded the case for reclassification of the expense. *Id.* at 802–03.

In a subsequent unpublished case, we applied *Texas Gulf Seafood*'s holdings to a set of facts similar to this case: the Claims Administrator and Appeal Panel classified an expense the claimant labeled "Management Fee" as fixed rather than variable, and the district court denied BP's request for discretionary review. *BP Expl. & Prod., Inc. v. Claimant ID 100185315*, 2019 WL 507598, at *1 (5th Cir. Feb. 8, 2019). On appeal, we vacated the claimant's award because the Appeal Panel "did not address the substantive nature of the expense" and instead found that the Management Fee was a fixed expense because Exhibit 4D lists "fees" as a fixed cost. *Id.* at *2. Consequently, because the Appeal Panel improperly "focus[ed] on the label given to the expense," we remanded for proper classification. *Id.* at *2–3.

BP contends that, given the factual similarity, our decision in *Claimant ID 100185315* controls here. We disagree. While the expense at issue resembles the disputed expense in that case, the Claims Administrator and Appeal Panel here engaged in the kind of independent, substantive analyses that *Texas Gulf Seafood* requires.

4

No. 18-30644

Beginning with the Claims Administrator, it included the following calculation note with its documentation in support of Ordes's award:

> DWH Accountant further noted the Claimant recorded expenses to account 'Management Fee Expense'. Per the Claimant's attorney, the Claimant is in contract with Ordes Electric, Inc. Ordes Electric, Inc. provides management services to the Claimant, including providing office and warehouse space, insurance coverage, office personnel, equipment, supplies, utilities, telephone services, etc. The expense is calculated based on sales of the combined companies (Ordes Services, LLC and Ordes Electric, Inc.), and the Claimant pays the percentage portion of the management service expenses equal to its portion of the combined sales . . . . There are no shared revenues between the companies . . . . As such, DWH Accountant classified the account as 'Fees – Fixed'.

The Claims Administrator therefore expressly considered the substantive nature of the Management Fee: it examined the types of costs included as well as the fact that the amount is calculated based on Ordes's sales. Significantly, the Claims Administrator did not merely defer to Ordes's label for the expense, nor did it rely only on whether that label was listed as a fixed cost in Exhibit 4D of the Settlement Agreement. This demonstrates an exercise of independent judgment on the part of the Claims Administrator consistent with *Texas Gulf Seafood*.

In its decision affirming the Claims Administrator's award, the Appeal Panel stated the following:

> This Appeal Panel has conducted a de novo review of the record in this matter. That review and the nature of the charges included in the "Management Fee Expense" account (See Exhibit 4D[] of the Settlement Agreement[)] compel this Appeal Panel to unanimously conclude that the [Settlement Program]'s professional staff properly categorized the expense as fixed.

Thus, the Appeal Panel did not defer to the claimant's "Management Fee" label as prohibited by *Texas Gulf Seafood*—instead, it conducted its own de novo

5

No. 18-30644

review of the expense classification.  Importantly, the Appeal Panel specifically stated that it had considered "the nature of the charges included" in the Management Fee before concluding that it was properly categorized as fixed. It did not, as in *Claimant ID 100185315*, affirm the "fixed" classification merely because "fees" are listed as fixed on Exhibit 4D.  Accordingly, the Appeal Panel's decision comports with *Texas Gulf Seafood* as well, so the district court did not abuse its discretion in denying discretionary review.

B.

BP separately asserts that classification of the Management Fee as "fixed" was substantively incorrect and that this error alone warranted discretionary review.  Because the Management Fee fluctuates depending on Ordes's sales, the argument goes, it should properly be classified as a "variable" cost under the definition set out in *Texas Gulf Seafood.  See* 910 F.3d at 802 n.2.

Even if BP is correct that Ordes's Management Fee is a variable cost, an inaccurate expense classification "simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Id.* at 800 (alteration in original); *see also Claimant ID 100250022 v. BP Expl. & Prod., Inc.*, 847 F.3d 167, 170 (5th Cir. 2017) ("In reaching our decision that the district court did not abuse its discretion in denying discretionary review . . . , we need not examine whether the [Settlement Program] was actually correct . . . .").  Therefore, the district court did not err in declining to grant discretionary review to determine whether the Claims Administrator and Appeal Panel accurately classified the Management Fee expense.

IV.

Because BP has not identified any issue requiring discretionary review in this case, we AFFIRM the judgment of the district court.

6