# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2017

Lyle W. Cayce
Clerk

No. 16-30102

————

Consolidated with Cases 16-30117, 16-30598, 16-30599 and 16-30606

CLAIMANT ID 100212278,

> Requesting Party – Appellant,

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

> Objecting Parties – Appellees.

———————

Appeals from the United States District Court
for the Eastern District of Louisiana

———————

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:

The appellant is a company that filed Business Economic Loss claims under the Deepwater Horizon Economic and Property Damages Settlement Agreement on behalf of five of its stores. Each claim was denied by the Court Supervised Settlement Program, and each denial was affirmed by an Appeal Panel. The company sought review by the district court, which the district court denied in every case. In this consolidated appeal, the company challenges the district court's denial of discretionary review in each case. Because the district court did not abuse its discretion, we AFFIRM.

## No. 16-30102

### I.

This case involves BP's obligations under the Deepwater Horizon Economic and Property Damages Settlement Agreement. The appellant, which describes itself in its briefing as an automotive parts provider, sought to obtain compensation under the Settlement Agreement as a tourism business.[1] Designation as a tourism business would have relieved the appellant of the need to demonstrate loss causation. However, the Court Supervised Settlement Program (CSSP) and the Appeal Panel determined that the stores were not tourism businesses and denied the claims for failure to satisfy the causation requirement.

Exhibit 2 to the Settlement Agreement defines tourism as follows:

> **Tourism** means businesses which provide services such as attracting, transporting, accommodating or catering to the needs or wants of persons traveling to, or staying in, places outside their home community. Therefore, if you are in one of the following businesses or work for such a business, you are in the Tourism Industry.

Exhibit 2 then lists forty-one North American Industry Classification System codes (NAICS codes) identifying various categories of businesses that qualify as tourism businesses.

The appellant claimed that it fell under NAICS code 452990 (All Other General Merchandise Stores), which is listed in Exhibit 2. It also argued, in the alternative, that it was a business "accommodating or catering to the needs

---

[1] Under the Settlement Agreement, claims are initially submitted to the Court Supervised Settlement Program, which is overseen and managed by the Claims Administrator. *In re Deepwater Horizon*, 785 F.3d 986, 989 (5th Cir. 2015). A decision by the Court Supervised Settlement Program may be appealed to an Appeal Panel. *Id.* Although the Settlement Agreement does not establish a right of automatic appeal to the district court, the district court that authorized the settlement has retained the discretionary right to review decisions by Appeal Panels. *Id.* at 989–90.

2

or wants of persons traveling to, or staying in, places outside their home community." It claimed to be a tourism business on these grounds.

Under the Settlement Agreement, the appropriate NAICS code for a claimant is to be determined based on review of: "(a) the NAICS code shown on an Entity Claimant's 2010 tax return, (b) 2010 business permits or license(s), and/or (c) other evidence of the Entity's activities necessary for the Settlement Program to determine the appropriate NAICS code." Claims Administrator Final Policy 480 v.2 clarifies that the "appropriate" NAICS Code for an entity shall be the one that "most accurately describes [its] primary business activities" during the relevant time frame.

Claims Administrator Final Policy 289 v.2 further discusses the designation of a claimant as a tourism business. It states the Claims Administrator's finding that Exhibit 2's list of NAICS codes is illustrative, not exhaustive. Based on this finding, it states that a claimant without one of the NAICS codes listed in Exhibit 2 may be considered a tourism business "if the Claims Administrator determines in his discretion" and "based on the totality of the circumstances" that it "provide[s] services such as attracting, transporting, accommodating or catering to the needs or wants of persons traveling to, or staying in, places outside their home community." Finally, Policy 289 v.2 provides that when a claimant submits separate claims for separate facilities, as in this case, the Claims Administrator "will evaluate each facility separately to determine whether it meets the definition of Tourism . . ., notwithstanding what NAICS code may have been assigned to the Entity as a whole."

The CSSP determined that the stores were not tourism businesses and that the appropriate NAICS code for each of the stores was 441310 (Automotive Parts and Accessories Stores), a code not listed in Exhibit 2. The Appeal Panel affirmed the CSSP determination for each store. In the first of its opinions,

the Appeal Panel noted that the store in question advertised itself as an auto-parts store and that it did not fit the NAICS definition of "All Other General Merchandise Stores" because its auto parts line of products predominated over other product lines.  It also explained that the store had not established with concrete evidence that it was engaged in the business of "accommodating or catering to the needs or wants of persons traveling to, or staying in, places outside their home community."  According to the Appeal Panel, the claimant's observation that its website included a list of products that drivers should inspect and consider replacing before a long trip was insufficient to qualify it for designation as a tourist business.  This was particularly true since the store was not located in a tourist area and the possibility of occasional tourists stopping by the store for auto parts was "far too incidental."  Based on this same reasoning, the Appeal Panel went on to affirm the denial of each store's claim.  The stores appealed the decisions of the Appeal Panel to the district court, which denied discretionary review.  The stores then appealed to this court.

## II.

We review the district court's denial of discretionary review for abuse of discretion.  *Holmes Motors, Inc. v. BP Exploration & Prod.*, 829 F.3d 313, 315 (5th Cir. 2016).  We generally assess whether the district court abused its discretion by looking to "whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement."  *Id.*  However, we have been careful to note that it is "wrong to suggest that the district court must grant review of *all* claims that raise a question about the proper interpretation of the Settlement Agreement."  *Id.* at 316; *see also In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015) ("We do not intend any part of this opinion to turn the district court's discretionary review into a

mandatory review.   To do so would frustrate the clear purpose of the Settlement Agreement to curtail litigation."). It is not an abuse of discretion to deny a request for review that "involve[s] no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case." *In re Deepwater Horizon*, 641 F. App'x 405, 410 (5th Cir. 2016).  It may be an abuse of discretion to deny a request for review that raises a recurring issue on which the Appeal Panels are split if "the resolution of the question will substantially impact the administration of the Agreement."  *In re Deepwater Horizon*, 632 F. App'x 199, 203–04 (5th Cir. 2015).

## III.

The appellant has not attempted to show on appeal that the district court abused its discretion or that its request for review raised an important, recurring issue on which the Appeal Panels are split.  Instead, it argues for *de novo* review and repeats substantially the same arguments it made before the CSSP and Appeal Panel.  According to the appellant, the district court's denial of its request for review constitutes an interpretation of the Settlement Agreement, which is a question of contract law subject to *de novo* review. However, the appellant does not challenge the Appeal Panel's interpretation of the Settlement Agreement.[2]   Rather, it disputes the Appeal Panel's factual

---

[2] BP has raised one question of interpretation in an alternative argument that we need not reach.  It argues that, even if the stores were engaged in "accommodating or catering to the needs or wants of [tourists]," that is not sufficient to make them tourism businesses. According to BP, the NAICS codes listed in Exhibit 2 constitute an exhaustive list of tourism businesses, and Policy 289 v.2 impermissibly modified the terms of the Settlement Agreement by interpreting the list to be merely illustrative of a larger category of businesses "accommodating or catering to the needs or wants of [tourists]."  Because the Appeal Panel determined that the stores were not businesses accommodating or catering to the needs or wants of tourists and did not abuse its discretion in doing so, we need not determine whether Exhibit 2's list of NAICS codes is exhaustive.

No. 16-30102

determination that its stores were not tourism businesses within the meaning of the Settlement Agreement.  We do not review *de novo* whether this determination was correct. *Claimant ID 100250022 v. BP Exploration & Prod.*, No. 16-30258, slip op. at 5 (5th Cir. Jan. 25, 2017).  Instead, we ask whether it constitutes an abuse of discretion.  *Id.*

The stores' evidence that they were engaged in "accommodating or catering to the needs or wants of persons traveling to, or staying in, places outside their home community" does not demonstrate that the Appeal Panel abused its discretion in determining otherwise.  They rely on two pieces of evidence.  First, the appellant's website displays a list of automotive products that drivers should consider replacing before long trips.  Second, the stores carry storage and cargo equipment primarily used by vacationers.  BP contends that the Appeal Panel correctly determined there was insufficient concrete evidence to show that any of the specific stores in question qualified as a tourism business.  In particular, none of the stores offers evidence regarding its actual sales of cargo equipment or sales of products on the website's list and none offers evidence of sales to non-local customers as contemplated by the Settlement Agreement.  The Appeal Panel expressly considered the possibility that although the stores were not located in tourist areas, they might incidentally serve some tourists while pursuing their primary business as sellers of automotive parts and accessories.  Notwithstanding this possibility, it determined that the totality of the circumstances did not show the stores to be tourism businesses.  The stores have not shown that this was an abuse of discretion.

The stores' alternative argument that they should have been classified under NAICS code 452990 (All Other General Merchandise Stores) rather than NAICS code 441310 (Automotive Parts and Accessories Stores) also fails to show an abuse of discretion.  The appellant does not dispute that its stores

## No. 16-30102

advertised themselves as auto-parts stores.  The Appeal Panel determined that the stores did not fit the NAICS definition of "All Other General Merchandise Stores" because their auto parts line of products predominated over other product lines.  Moreover, the Settlement Agreement directs that "the NAICS code shown on an Entity Claimant's 2010 tax return" should be considered in determining the appropriate NAICS code, and the appellant used code 441310 on its 2010 tax return.[3]  The appellant itself has stated on appeal that it is an automotive parts provider.  Thus, it was not an abuse of discretion to classify the stores under NAICS code 441310 as automotive parts and accessories stores.

## IV.

Because the district court's denial of discretionary review does not constitute an abuse of discretion, we AFFIRM.

---

[3] The appellant notes that this factor is not conclusive under Policy 480 v.2 but does not explain why any of its stores ought to have a different NAICS code than the one on the company's tax return.

7