# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30099

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2018

Lyle W. Cayce
Clerk

CLAIMANT ID 100190818,

      Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-17706

Before DAVIS, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

      This case comes to us from the Deepwater Horizon Economic & Property Damages Settlement Agreement ("Settlement Agreement"). Claimant sought recovery under the Settlement Agreement, but the Claims Administrator denied the claim. The Appeal Panel affirmed the denial. Claimant then sought discretionary review in the Eastern District of Louisiana, but the district court

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied review. Claimant has appealed that denial. Because the district court acted within its discretion when it declined to review Claimant's case, we affirm.

## I. Background

Claimant is in the business of buying and leasing trucks and heavy equipment. Its sole shareholder, Jim Bockman, also wholly owns Claimant's only customer, JGB, LLC ("JGB"), a dirt-moving business. Both companies have filed a Business Economic Loss Claim to the Court Supervised Settlement Program under the Settlement Agreement, seeking recovery for oil-spill related losses. Only Claimant's claim is at issue in this case.

Under Exhibit 4B of the Settlement Agreement, a claimant may recover only for spill-related losses. Exhibit 4B requires claimants to satisfy revenue tests, which compare the claimant's revenue during a pre-spill benchmark period to the claimant's revenue during a particular post-spill period. The Claims Administrator has also issued a related policy statement, Policy 328 v.2. Under the Policy, the Claims Administrator does not typically count certain items as "revenue" for purposes of Exhibit 4B's revenue tests. Relevant to this appeal, the Policy excludes "related party transactions that are not arm's length transactions." The reason is that revenue from such transactions is "not typically earned as revenue under the normal course of operations in an arm's length transaction."

On initial review, the Claims Administrator determined that Claimant failed Exhibit 4B's revenue tests because all of Claimant's revenue came from a related party, JGB, and the Claims Administrator could not determine whether their transactions were at arm's length based on the information Claimant provided. In particular, the Claims Administrator cited "sporadic rental payments in 2009 and 2010," showing that Claimant and JGB "did not honor th[eir] rental agreements." Therefore, pursuant to Policy 328 v.2, the

Claims Administrator excluded all of Claimant's revenue in calculating Claimant's revenue for Exhibit 4B's revenue tests. In turn, Claimant failed those tests, and its claim was denied.

Claimant requested re-review, and the Claims Administrator denied the claim. The Claims Administrator again cited "sporadic rental payments," specifically under three leases between Claimant and JGB, where the resulting payments were inconsistent with contracted terms. Claimant sought reconsideration and was again denied recovery. Claimant subsequently appealed to the Appeal Panel. The Appeal Panel affirmed the denial, concluding that the sporadic payments evidenced related-party transactions that were not at arm's length, as they showed "a pattern of one related party paying another when it can afford to or when the owner wishes to," which "is not an arrangement one would expect to find in the marketplace."

After the Appeal Panel's decision, Claimant petitioned for discretionary review in the Eastern District of Louisiana. The district court declined to review the appeal. Claimant now appeals the district court's decision.

## II. Jurisdiction and Standard of Review

We have appellate jurisdiction over this appeal under the collateral order doctrine. *In re Deepwater Horizon*, 785 F.3d 1003, 1009 (5th Cir. 2015). This court reviews the district court's denial of discretionary review for abuse of discretion. *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016).

Although we have not defined the exact limits of a district court's discretion to deny review, we have said a district court abuses its discretion when: (1) the request for review raises an issue that has split the Appeal Panels and would substantially impact the Settlement Agreement's administration once resolved; (2) the dispute concerns a pressing question about how to interpret or implement the Settlement Agreement's rules; (3) the Appeal Panel

misapplied or contradicted the Settlement Agreement, or had the clear potential to do so; or (4) the district court's decision was premised on an error of law. *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (per curiam); *Holmes Motors, Inc.*, 829 F.3d at 315; *In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015) ("*Deepwater Horizon II*").

We have been careful not to transform discretionary review into mandatory review. *Deepwater Horizon II*, 785 F.3d at 999. Accordingly, the district court need not review a claim that raises a non-pressing Settlement Agreement interpretation issue, or that merely challenges "the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Claimant ID 100212278*, 848 F.3d at 410 (quoting *In re Deepwater Horizon*, 641 F. App'x 405, 410 (5th Cir. 2016)); *see also Holmes Motors, Inc.*, 829 F.3d at 316–17.

## III. Discussion

The district court did not abuse its discretion when it declined to review the Appeal Panel's decision, because Claimant has not shown that any of the abuse-of-discretion factors are present. First, Claimant's request does not raise an issue that has split Appeal Panels and that would, once resolved, substantially impact administration of the Settlement Agreement. According to Claimant, Appeal Panels have reached divergent results on whether related-party transactions are at arm's length, which Claimant says indicates disagreement over how to define "arm's length transaction." But the purported split does not exist, because the decisions that Claimant cites turn only on their facts.

In those decisions, the Appeal Panels relied on specific facts in the record to reach their conclusions, including how a particular claimant conducted its businesses, whether a claimant's related companies also sought recovery under the Agreement, and the existence of indicia of special treatment to a related

party. In one case, the Appeal Panel explained that its decision was based on "an extensive review of the record," and in another case it remanded so that the Claims Administrator could "look more closely at the [claimant's] revenue data." Likewise, another case explained that "the circumstances inform[ed] the [Appeal Panel's] evaluation." Generally, the Appeal Panels inquired into whether related-party transactions reflected fair-market terms or gave special advantages to related parties. Because Claimant's alleged split reflects only that Appeal Panels have reached different decisions based on different facts, Claimant has not shown that resolving the issue presented in its request would substantially impact the Settlement Agreement's overall administration.

This appeal also does not concern a pressing question about how to interpret or implement the Settlement Agreement's rules. As to interpreting the Settlement Agreement, we have made clear that "its words [are] given their plain meaning unless the provision is ambiguous.'" *Holmes Motors, Inc.*, 829 F.3d at 315 (quoting *Breaux v. Halliburton Energy Servs.*, 562 F.3d 358, 364 (5th Cir. 2009)). Indeed, both parties essentially agree that, where related parties are involved, an "arm's length transaction" is one that is substantively the same as transactions among strangers. *See* Black's Law Dictionary (10th ed. 2014).

Instead, what BP and Claimant disagree about is whether Claimant's transactions with JGB meet the arm's length standard in light of the evidence. We require review only when the Appeal Panel's decision involves a non-isolated, pressing question about interpreting or implementing the Settlement Agreement's rules. *Claimant ID 100212278*, 848 F.3d at 410. Claimant has not shown a substantial error of interpretation or implementation.[1] Nor has

---

[1] Claimant argues that the Appeal Panel should have concluded that the disputed transactions were arm's length transactions because Claimant provided an expert affidavit and IRS reviews of its tax returns, which Claimant says show that the transactions meet the

Claimant shown that the facts of its case, involving concededly irregular payments from a company wholly owned by Claimant's sole shareholder, arise so frequently in implementing the Settlement Agreement as to present a pressing question that requires review.

Finally, the Appeal Panel's decision did not misapply or contradict the Settlement Agreement, and nor did it have the clear potential to do so. We do not require district courts to consider every claim involving a possible misapplication or contradiction, but only those where the Appeal Panel's decision is incongruent with the Settlement Agreement's language. *See Claimant ID 100250022 v. BP Expl. & Prod., Inc.*, 847 F.3d 167, 170 (5th Cir. 2017) (per curiam). We cannot say the Appeal Panel acted incongruently with the Settlement Agreement. It concluded that Claimant's transactions with JGB were "different from what would have been coordinated with an unrelated third party . . . in the marketplace," which is consistent with the plain meaning of "arm's length transaction." Further, the purpose of Exhibit 4B's revenue tests is to allow recovery only for spill-related losses. Excluding revenue that seems to be based on "one related party paying another when it can afford to or when the owner wishes to" is consistent with that purpose.

Claimant's request for review raises none of the abuse-of-discretion factors. Thus, the district court acted within its discretion when it denied Claimant's request, and its decision was not premised on any error of law. On that basis, we AFFIRM the district court's decision.

---

definition of "arm's length charge" under a tax regulation, 26 C.F.R. § 1.482-2(c)(2). Assuming, arguendo, that § 1.482-2(c)(2)'s arm's length standard is relevant here, the Appeal Panel's conclusion that this evidence did not outweigh other evidence in the record is not a substantial error of interpretation or implementation but, rather, "a discretionary administrative decision in the facts of a single claimant's case." *Claimant ID 100212278*, 848 F.3d at 410.