# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2018

Lyle W. Cayce
Clerk

No. 18-30593
Summary Calendar

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

> Requesting Parties - Appellants

v.

CLAIMANT ID 100225009,

> Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-3381

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

This case arises from the Deepwater Horizon Economic & Property
Damages Settlement Agreement ("Settlement Agreement"). BP challenges
Claimant's award under the Court Supervised Settlement Program, arguing
that the award improperly included out-of-zone facilities. BP sought

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

discretionary review in the district court, but the district court denied review. BP now appeals the district court's denial of review. We AFFIRM.

Claimant, a general contractor, submitted a Business Economic Loss ("BEL") claim pursuant to the Settlement Agreement. Entities submitting BEL claims can recover only if the entity, among other things, "owned, operated, or leased a physical facility in the Gulf Coast Areas or Specified Gulf Waters" from the Deepwater Horizon oil spill until April 16, 2012. Claimants with multiple facilities can file a separate BEL claim for each qualifying facility or a consolidated claim. Critical to this appeal is the fact that claimants cannot file claims for facilities outside the Gulf Coast Areas.

On the claim form, Claimant indicated it had one facility, its headquarters in Plant City, Florida. The Claims Administrator granted Claimant an award. BP appealed the award, arguing that Claimant operated two permanent out-of-zone facilities in New York and Georgia, as well as trailers[1] at many of its out-of-zone construction projects. The Appeal Panel rejected BP's argument that the New York and Georgia locations constituted facilities but remanded for further review of whether Claimant had out-of-zone construction trailers that constituted facilities. The Claims Administrator revised the award after determining that Claimant had one out-of-zone facility during the relevant time period. BP again appealed. The second Appeal Panel affirmed, holding that it would not disturb the first Panel's finding that the New York and Georgia locations were not facilities and that the Claims Administrator sufficiently investigated whether Claimant had out-of-zone construction trailers. BP then sought discretionary review in the district court. The district court denied review, and BP timely appealed.

---

[1] "A trailer placed at a construction site and used as a permanent office for the duration of the construction project will typically be considered a facility."

We review the district court's denial of review for abuse of discretion. *Holmes Motors, Inc v. BP Expl. & Prod. Inc.*, 829 F.3d 313, 315 (5th Cir. 2016). In this context, the district court abuses its discretion when it denies review of a decision that contradicts or misapplies the Settlement Agreement or had the clear potential do to so. *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (per curiam). But we are mindful not to transform the district court's discretionary review into mandatory review. *In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015). Thus, the district court is not required to review a decision "which involve[s] no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Claimant ID 100212278*, 848 F.3d at 410 (brackets in original) (quoting *In re Deepwater Horizon*, 641 F. App'x 405, 410 (5th Cir. 2016) (per curiam)).

BP makes three arguments on appeal. First, BP argues that Claimant's evidence demonstrates that the New York and Georgia addresses listed on Claimant's website constitute out-of-zone facilities under the Settlement Agreement; thus, the Appeal Panel improperly determined that those locations were not facilities. BP claims that the Appeal Panel's decision therefore turned on an erroneous application of the law.

The Settlement Agreement defines a facility as "[a] separate and distinct physical location of a Multi-Facility Business at which it performs or manages its operations." Policy 467 further defines "facility" as "(a) [a] separate and distinct physical structure or premises; (b) [o]wned, leased or operated by the Business Entity; (c) [a]t which the Business Entity performs and/or manages its operations."

3

Although BP attempts to construct this argument as a challenge to interpretation of the Settlement Agreement,[2] it is actually a factual determination. The Appeal Panel held that "Claimant presented evidence that shows that these two locations are residential addresses where several employees reside. The Claimant does not own, lease, or operate these locations. This Panel agrees that these locations do not meet the definition of a Facility." The Appeal Panel's reasoning tracks the language of Policy 467 and the Settlement Agreement, and BP accepts that Policy 467 accurately interprets the definition of facility in the Settlement Agreement. We find nothing warranting reversal in this argument.

Second, BP argues that the Claims Administrator and the second Appeal Panel failed to meaningfully evaluate the evidence about whether Claimant had out-of-zone construction trailers. This argument fails for a similar reason as the first.

The first Appeal Panel requested that Claimant identify the name and location of construction sites where Claimant owned, leased, or operated a construction trailer during the relevant time period. It then remanded to the Claims Administrator to determine whether any of the construction trailers constituted out-of-zone facilities. The Claims Administrator determined that four locations constituted facilities and that one was out-of-zone, and asked Claimant to provide additional financial information regarding that trailer. Based on the financial information, the Claims Administrator reduced Claimant's award to $1,294,192.94.

---

[2] BP makes one argument grounded in interpretation of the Settlement Agreement. It argues that the Appeal Panel erroneously concluded that Claimant did not operate the New York and Georgia locations under Policy 467 A(b) because an entity must operate a facility if it performs or manages its operations there under Policy 467 (A)(c). But this argument is premised on the assumption that Claimant performed or managed its operations at the New York and Georgia locations, and the Appeal Panel did not so conclude.

On appeal, the second Appeal Panel concluded that the Claims Administrator's calculation notes, which detailed the investigative process described above, were "sufficient to dispel the contention of BP that proper investigation did not occur." It also held that "[a]ny remaining argument in this regard is based on conjecture and speculation and has no support in the record. Likewise, the zero dollar final proposal of BP is unsupported by the record."

BP argues that the second Appeal Panel's decision misapplies the Settlement Agreement because the Settlement Agreement requires appeal panels to undertake a de novo review of the record and to issue decisions that are accurate and transparent in their reasoning. BP's argument that the Appeal Panel's decision did not conform to these standards is rooted in its belief that Claimant's evidence demonstrates Claimant had many more out-of-zone construction trailers. Thus, although framed in terms of misapplication of the Settlement Agreement, in fact, BP takes issue only with the Appeal Panel's conclusion that BP's argument is "based on conjecture and speculation and has no support in the record." BP's argument "involve[s] no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Claimant ID 100212278*, 848 F.3d at 410. It does not support reversal.

BP's third argument, that the district court abused its discretion by denying review because Claimant's attestation that its damages arose from the Deepwater Horizon oil spill is implausible, is also based on its belief that the record demonstrates the New York and Georgia locations are out-of-zone facilities. We have previously addressed the give and take on causation inherent in the Settlement Agreement in *In re Deepwater Horizon*, 744 F.3d 370, 378 (5th Cir. 2014) ("The Settlement Agreement contained many

compromises [including] provid[ing] . . . only a limited way for connecting the claim to the cause."). We concluded that usual requirements for proving causation are not part of the Settlement Agreement. As stated above, the contested underlying factual determination does not involve construction of the Settlement Agreement requiring the district court's discretionary review. Thus, we conclude that the district court did not abuse its discretion by denying review on this ground.

AFFIRMED.