# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30853
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2019

Lyle W. Cayce
Clerk

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

     Requesting Parties - Appellants

v.

CLAIMANT ID 100201953,

     Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-5494

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

This appeal involves a claim under the *Deepwater Horizon* Economic and Property Damages Class Action Settlement Agreement for losses caused by a 2010 catastrophic discharge of oil in the Gulf of Mexico. The claimant is the Conservation Foundation of the Gulf Coast, a non-profit land trust based in Sarasota, Florida. The Claims Administrator ultimately calculated, and an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30853

Appeal Panel affirmed, an award of slightly less than $1 million.  The district court denied BP's request for discretionary review.  We AFFIRM.

We review the district court's denial for abuse of discretion.  *In re Deepwater Horizon*, 785 F.3d 1003, 1011 (5th Cir. 2015).  That discretion is abused if the Appeal Panel decision "contradicted or misapplied the Settlement Agreement" or at least "had the clear potential" to do so.  *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (citation omitted).  It also may be an abuse of discretion when the "request for review raised an important, recurring issue on which the Appeal Panels are split."  *Id.*

As a non-profit, the Foundation derives revenue from donations.  A pledge to make a future donation is generally recognized as revenue at the time the promise is made.  On appeal, BP focuses on the proper accounting treatment when a contribution promise is broken and the pledge amount becomes uncollectable revenue.  The gist of BP's challenge is that accounting for contribution shortfalls as "negative revenue" rather than "bad debt expenses" results in a misapplication of the Settlement Agreement and presents a recurring issue on which Appeal Panels are split.

None of this matters, though, because the Appeal Panel rejected BP's factual premise that there was any uncollectable revenue to classify at all.  To the contrary, it agreed with the Claims Administrator that the disputed entries in the financial statements were not "write-offs of uncollectable revenue" but re-valuations in the normal course of business.  "We do not review *de novo* whether this [factual] determination was correct."  *Id.* at 410-11.

Without any "bad debt expense" for the Foundation to have misclassified as "negative revenue," BP's arguments are reduced to hypothetical concerns that we decline to allay.

AFFIRMED.

2