# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2019

Lyle W. Cayce
Clerk

No. 18-31134
Summary Calendar

CLAIMANT ID 100260597,

    Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

    Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-8148

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    La Tour, LLC, a golf course operator, appeals from the district court's denial of discretionary review under the Deepwater Horizon Economic and Property Damages Settlement Agreement. We find no abuse of discretion in the district court's denial of review. Therefore, we AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31134

After the *Deepwater Horizon* oil spill, BP Exploration & Production, Inc., BP America Production Company, and BP, p.l.c. (collectively, "BP"), entered into a settlement agreement with a class of plaintiffs suffering economic and property damages in connection with the spill. *See generally In re Deepwater Horizon*, 785 F.3d 986, 989 (5th Cir. 2015) (describing history of settlement agreement). Pursuant to the settlement agreement, a business suffering an economic loss from the spill can submit its claim to the settlement program. The claims administrator then determines whether the spill caused the claimant's loss and whether the claim is eligible for compensation. Dissatisfied parties can seek review of the claims administrator's determination from an appeal panel.

As is relevant here, claimants in geographic "Zone C" can show that the spill caused their losses by satisfying the "Decline-Only Revenue Pattern," outlined in Exhibit 4B to the settlement agreement. To do so, the claimant must show an 8.5% decline in revenues during a post-spill period, as compared to a similar period before the spill. The claimant must also provide "[s]pecific documentation identifying factors outside the control of the claimant that prevented the recovery of [post-spill] revenues." The settlement agreement lists examples of such outside factors, such as the entry of a competitor, nearby road closures affecting the business, or an unanticipated interruption that results in the closure of the business. In the alternative, Exhibit 4B also provides that claimants may show the spill caused their losses by satisfying the "V-Shaped Revenue Pattern," which compares revenue periods before, immediately after, and a year after the oil spill. To demonstrate causation under this test, the claimant must show that its revenue fell immediately after the oil spill, as compared to the periods before and after the spill.

2

No. 18-31134

Also relevant in this case are two policies that guide the claims administrator's review. First, Policy 328 v.2 states that the claims administrator will exclude from the calculation of a claimant's revenue certain items "not typically earned as revenue under the normal course of operations," including "related party transactions that are not arm's length transactions." Second, Policy 495 requires the claims administrator to "match" all unmatched profit and loss statements. *See In re Deepwater Horizon*, 858 F.3d 298, 301-02 (5th Cir. 2017). Otherwise put, "the Claims Administrator must ensure that costs are registered in the same month as corresponding revenue, regardless of when those costs were incurred." *Id.* at 302.

Here, claimant La Tour, LLC ("La Tour"), which operates a golf course located in Zone C, filed a claim for business economic losses under the settlement agreement. The claims administrator denied La Tour's claim, finding that La Tour failed to satisfy the causation tests set forth in Exhibit 4B. La Tour appealed, arguing that the claims administrator erred by classifying $11,812.50 as revenue in the claim calculation. The inclusion of this revenue meant that La Tour could no longer satisfy the V-shaped revenue pattern test. La Tour argued that the $11,812.50 amount was a new-member credit it gave to a golf club member as an incentive to purchase a home from La Cote, LLC ("La Cote"), its sister company, which sells real estate bordering La Tour's golf course. Because La Cote and La Tour are related parties, La Tour reasoned, the $11,812.50 should have been excluded as related-party income under Policy 328 v.2. And even if the $11,812.50 should have been included, La Tour argued that Policy 475 required that the amount be recorded as earned on a monthly basis, rather than in one lump sum. In the alternative, La Tour argued that it had submitted sufficient evidence to show that factors outside of its control contributed to the downturn of its revenue and, thus, it could satisfy the decline-only revenue pattern test.

3

No. 18-31134

The appeal panel affirmed the denial of La Tour's claim. The appeal panel found that the claims administrator "followed existing, governing law" when it included the credit in La Tour's revenue and that La Tour's documentation was insufficient to show that outside factors prevented the recovery of revenues after the spill. The district court denied La Tour's request for discretionary review. La Tour appeals.

We review the district court's denial of discretionary review for an abuse of discretion. *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017). The district court abuses its discretion to deny review when:

> (1) the request for review raises an issue that has split the Appeal Panels and would substantially impact the Settlement Agreement's administration once resolved; (2) the dispute concerns a pressing question about how to interpret or implement the Settlement Agreement's rules; (3) the Appeal Panel misapplied or contradicted the Settlement Agreement, or had the clear potential to do so; or (4) the district court's decision was premised on an error of law.

*Claimant ID 100190818 v. BP Expl. & Prod., Inc.*, 718 F. App'x 220, 222 (5th Cir. 2018) (unpublished). We have made clear that discretionary review is not mandatory review: "The district court need not review a claim that raises a non-pressing Settlement Agreement interpretation issue, or that merely challenges 'the correctness of a discretionary administrative decision in the facts of a single claimant's case.'" *Id.* (quoting *Claimant ID 100212278*, 848 F.3d at 410); *see also Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 316-17 (5th Cir. 2016).

We find that the district court did not abuse its discretion by denying review. On appeal, La Tour makes the same arguments it made to the appeal panel. But none of La Tour's arguments compels the district court to review its claim. La Tour does not argue that there is a split among appeal panels on

these issues. Nor has it shown that its issues concern "pressing questions" about the settlement agreement's rules. La Tour's only argument in favor of discretionary review is that the appeal panel misapplied the settlement agreement. La Tour's highly individualized complaints are not the type of recurring or substantial errors warranting review. Even if the appeal panel had misapplied the settlement agreement, we have made clear that the district court does not abuse its discretion by declining to review "non-pressing Settlement Agreement interpretation issue[s]."[1] *Claimant ID 100190818*, 718 F. App'x at 222. To hold otherwise would "turn[] the district court's discretionary review into a mandatory review [and] would frustrate the clear purpose of the Settlement Agreement to curtail litigation." *Holmes Motors,* 829 F.3d at 316-17 (quoting *In re Deepwater Horizon*, 785 F.3d at 999). Therefore, the district court did not abuse its discretion by denying review of this case.

The judgment of the district court is therefore AFFIRMED.

---

[1] Moreover, it is not clear that the appeal panel erred. Most of La Tour's complaints concern problems of its own making. For example, La Tour argues that the membership credit was a related-party transaction because it entered into the transaction with La Cote. But it did not present evidence to support this claim to the claims administrator. In fact, it did not submit such evidence until its reply memorandum to the appeal panel, despite the settlement agreement's rules prohibiting new evidence on appeal. *See* Rules Governing the Appeals Process 13(h); Rules Governing the Appeals Process 14. Likewise, although La Tour argues that the credit should have been matched with its costs per Policy 495, its original financial statements recorded the credit as revenue earned in September 2010; La Tour did not explain why it later altered its financials, which showed the costs as being incurred over several months. And finally, La Tour's provision of a news article and flyers related to a nearby construction project are insufficient to satisfy the decline-only revenue pattern test. None of these documents sheds light on how the construction project affected nearby businesses, much less La Tour. And without comparative data, it is impossible to determine the significance of La Tour's weather-related data. La Tour argues that a nearby business received different treatment on "the exact same factors." But the appeal panel decision from that case indicates that the claimant provided additional information beyond what La Tour provided to show that outside factors caused its decline, including evidence that the area had been declared a "major disaster" and that two competing businesses entered into its service area.