# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2019

Lyle W. Cayce
Clerk

No. 18-30747

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties - Appellants

v.

CLAIMANT ID 100301594,

Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-4906

Before HAYNES, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:*

This case concerns yet another appeal arising out of the 2010 Deepwater Horizon oil spill and the settlement agreement which followed. *See, e.g.*, *In re Deepwater Horizon*, 785 F.3d 986 (5th Cir. 2015) (explaining the settlement agreement). Because a recent decision of this court, *BP Expl. & Prod., Inc. v. Claimant ID 100094497* ("*Texas Gulf Seafood*"), 910 F.3d 797, 798 (5th Cir. 2018), squarely contradicts the Appeal Panel's approach in this case, we

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30747

reverse the district court's decision denying review of the Appeal Panel's decision and remand for reconsideration.

## I.

Claimant sought damages from BP Exploration & Production, Inc., BP America Production Company, and BP P.L.C. (collectively "BP"), based on business economic losses resulting from the spill. *See In re Deepwater Horizon*, 744 F.3d 370 (5th Cir. 2014) (explaining compensation scheme for business economic loss claimants). The settlement program awarded Claimant $238,559. The Appeal Panel, however, found that the settlement program erred by classifying certain expenses Claimant paid for engineering services as "variable" rather than "fixed." The panel referenced Exhibit 4D of the settlement agreement—a document listing various classes of expenses as "fixed" or "variable"—which stated that expenses for "professional services" should be treated as fixed costs. The Appeal Panel reasoned that the settlement program administrators had "no discretion" to classify the expenses as variable because all "professional services . . . had to be classified as fixed." Classification of expenses affects an award's size, *Texas Gulf Seafood*, 910 F.3d at 799, and here classifying the disputed expenses as fixed would dramatically raise Claimant's award. The district court denied discretionary review of the Appeal Panel decision, and BP appealed to this court.

## II.

We review the district court's denial of review for abuse of discretion. *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016). The district court abuses it discretion "if an Appeal Panel decision not reviewed by the district court contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Texas Gulf Seafood*, 910 F.3d at 800. The district court also abuses its discretion "if it denies a request for review that raises a recurring issue on

No. 18-30747

which the Appeal Panels are split if the resolution of the question will substantially impact the administration of the Agreement." *Id.* (quoting *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017)).

### III.

BP argues that our intervening decision in *Texas Gulf Seafood* undermines the Appeal Panel's approach to the fixed-versus-variable costs issue and necessitates remand to the district court. In that case, the claimant argued that the settlement program "should have deferred to its business judgment when it categorized the costs as 'supplies.'" *Id.* According to Exhibit 4D of the settlement agreement, "supplies" were classified as fixed expenses. *Id.* at 799. The Appeal Panel therefore classified the disputed expenses as fixed without evaluating their "substantive nature." *Id.* at 802. It was undisputed, however, that "variable expenses, i.e., costs that varied directly with the amount of shrimp handled by the company, comprised approximately 40% of the costs that Texas Gulf Seafood initially categorized as 'fixed.'" *Id.* at 801. Thus, the expenses were, in truth, variable, even if they could be described as expenses for "supplies." We vacated the Appeal Panel decision and held that "the Settlement Agreement requires claims administrators to use their independent judgment and classify expenses as 'fixed' or 'variable' according to their substantive nature." *Id.* at 802. We recognized that some expenses might accordingly need to be shifted to a different category listed in Exhibit 4D, but explained that "[w]hether the evaluative process is denominated allocation or reclassification, these costs should be placed in substantively correct categories." *Id.* at 803.

We agree with BP that *Texas Gulf Seafood* controls and contradicts the Appeal Panel's approach. The Appeal Panel offered two possible rationales for its decision, both of which are now foreclosed. First, it said that the settlement

3

program reviewers had "no discretion" to classify the disputed expenses as fixed. That misapplies the Settlement Agreement, which requires reviewers to use "independent judgment" to classify expenses "according to their substantive nature," rather than deferring to a claimant's characterization. *Id.* at 802. Second, the panel said that "even if discretion were used, these expenses best conformed to the 'Professional Services' delineation under Exhibit 4D, and therefore . . . had to be classified as Fixed." But *Texas Gulf Seafood* held that Exhibit 4D's "categorical list of fixed and variable costs may require that some costs be allocated according to their substantive nature." *Id.* Such allocation could mean shifting some expenses previously designated as "supplies" to a different category. *See id.* Here, it might mean shifting some "professional services" expenses to a variable-expenses category, such as "contract labor." But however it happens, expenses must be classified as variable or fixed according to their substantive nature—that is, whether the expenses vary with product output. *See id.* at 802–03. Thus, neither of the Appeal Panel's justifications for its decision can stand following *Texas Gulf Seafood*.

Claimant's attempts to distinguish *Texas Gulf Seafood* fail. Claimant argues "there is no dispute" that the expenses in question were for "professional services," whereas there was a dispute in *Texas Gulf Seafood* over how to categorize the "supplies" costs. But the settlement program originally considered Claimant's expenses here as variable (contract labor) expenses. The Appeal Panel reversed this finding. BP argues in its opening brief that if the Appeal Panel had followed its own precedent, it would have affirmed the conclusion that the expenses were for contract labor. Thus, the nature of the expenses here is by no means undisputed. And contrary to Claimant's argument, BP is indeed arguing that these expenses were mislabeled because the Appeal Panel defined the term "professional services" too broadly.

Claimant has therefore not persuaded us that *Texas Gulf Seafood* is distinguishable.

Finally, we note that—even before *Texas Gulf Seafood*—Appeal Panel decisions diverged over how to handle the classification of fixed versus variable costs. *Compare* 30 APD 2016-1040 (holding that regardless of claimant's description of an expense, settlement program accounts have "discretion to apply the classification that best conforms to the actual nature of the expense"); 32 APD 2016-1359 (same), *with* 37 APD 2017-405 (holding that "the classifications specifically listed in Exhibit 4D are controlling and *not* the nature of Claimant's business" (emphasis added)); 37 APD 2017-268 (same). Thus, we conclude that the district court abused its discretion in failing to grant review.

We REVERSE the district court's denial of review and REMAND for reconsideration of the Appeal Panel's decision in light of *Texas Gulf Seafood*.