# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2019

Lyle W. Cayce
Clerk

No. 19-30090
Summary Calendar

CLAIMANT ID 100062351,

    Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

    Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-13781

Before KING, SOUTHWICK, and DUNCAN, Circuit Judges.

PER CURIAM:*

    This is yet another claim under the Settlement Program created after the Deepwater Horizon disaster. The case involves neither a split in appeal panel decisions nor a misapplication of the Settlement Agreement. The district court did not abuse its discretion in denying review. AFFIRMED.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30090

## FACTUAL AND PROCEDURAL BACKGROUND

We have elsewhere detailed the facts surrounding the Deepwater Horizon disaster, the Settlement Agreement negotiated to resolve claims related to the enormous volumes of oil discharged into the Gulf of Mexico during that disaster, and the claims process under that Agreement for Business Economic Loss claimants. *See In re Deepwater Horizon* (*Deepwater Horizon I*), 732 F.3d 326, 329-30 (5th Cir. 2013); *see also In re Deepwater Horizon*, 785 F.3d 1003, 1007 (5th Cir. 2015) (explaining the claims administration process).

The claimant here is a Louisiana seafood business. It is one part of a larger business consisting of three separate corporate entities with common ownership. The three entities are: (1) the claimant in this appeal, New Orleans Fish House & Seafood, LLC ("NOFH, LLC"); (2) New Orleans Fish House & Seafood, Inc. ("NOFH&S"); and (3) New Orleans Fish House, Inc. ("NOFH, Inc."). NOFH, Inc. owned the properties that it leased to the two other corporate entities. NOFH, LLC and NOFH&S bought, processed, and sold seafood.

Each of the three entities submitted claims through the current Settlement Program and its precursor, the Gulf Coast Claims Facility ("GCCF"). NOFH&S and NOFH, LLC were evaluated together for the purpose of calculating an award under the GCCF. During the court-ordered transition to the Settlement Program from the GCCF, NOFH&S accepted payment of 60% of the pending joint-settlement offer while reserving its rights to recover the greater of either the economic class settlement amount less the already-accepted payment, or the remaining 40% of its pending joint-settlement offer, as it was entitled under Section 4.2.3.1 of the Settlement Agreement.

After the transition, the three entities again submitted separate claims through the Settlement Program. The claim filed by NOFH&S was resolved

2

first. The calculated award under the Settlement Agreement was $791,671.86. Because this amount was lower than the $1,273,979 award NOFH&S had already received as 60% of its offer under the GCCF, it received the remaining 40%: $324,586.

The claimant here, NOFH, LLC, sought $2,087,508 for several of its facilities located in Louisiana and Mississippi as a Seafood Commercial Wholesale or Retail Dealer — Type A in Zone C. The Claims Administrator designated NOFH, LLC a Secondary Seafood Processor based on NAICS Code 311712 in Zone C and calculated an award of $2,089,663.31. This award was, however, offset by $1,076,395.89 — representing the total award NOFH&S had already received in excess of its calculated award under the Settlement Agreement, plus payments already made to the owners by the GCCF and BP for the activity of the businesses. As a result, the total award to NOFH, LLC under the Settlement Agreement was $1,013,267.42.

BP sought review by an Appeal Panel, arguing the Claims Administrator had assigned NOFH&S the wrong NAICS code. BP maintained that NOFH&S should have been categorized as a participant in the Secondary Seafood Industry in Zone D, and therefore it was required to satisfy the Settlement Agreement 4B causation requirements. NOFH, LLC cross-appealed, arguing that the Claims Administrator incorrectly offset its award based on prior payments to a separate entity.

The Appeal Panel decided in favor of BP, accepting its proposed settlement amount of $0 under the baseball appeal process set forth in Section 6 of the Settlement Agreement based on a determination that NOFH, LLC should have been categorized as being in the Secondary Seafood Industry in Zone D and that it failed to prove causation. The Appeal Panel further ruled that the Claims Administrator correctly applied prior payments to NOFH&S as offsets.

No. 19-30090

The claimant sought discretionary review of the Appeal Panel decision in the Eastern District of Louisiana.  That court denied review.  The claimant now appeals from the denial of discretionary review.

DISCUSSION

We review the district court's denial of discretionary review of Settlement Program claims for abuse of discretion.  *BP Expl. & Prod., Inc., v. Claimant ID 100281817*, 919 F.3d 284, 287 (5th Cir. 2019).  The district court abuses its discretion when the case "raises a recurring issue on which the Appeal Panels are split [and] the resolution of the question will substantially impact the administration of the Agreement" or "the decision not reviewed . . . actually contradicted or misapplied the Settlement Agreement, or had the clear potential to [do so]."  *Id.* (quotations omitted).  When the determination involves a "purely legal question[] of contract interpretation" of the Settlement Agreement, our "review is effectively de novo" because errors of law are necessarily abuses of discretion.  *In re Deepwater Horizon*, 785 F.3d at 1011.  The district court does not abuse its discretion to deny review where there is "no pressing question of how the Settlement Agreement should be interpreted" or where review would be of "a discretionary administrative decision" that turns on "the facts of a single claimant's case."  *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (quotation omitted).

The claimant first contends that the Appeal Panel decision misapplied the Settlement Agreement in finding that it had not proved causation without providing the opportunity to supplement the record with causation documentation, which it alleges was inconsistent with the "claimant friendly" claims process set forth in the Settlement Agreement.  The claimant also argues that the Appeal Panel erred in affirming the application of a settlement offset based on GCCF payments to NOFH&S.

No. 19-30090

With respect to causation, the claimant alleges that the district court abused its discretion in failing to review the Appeal Panel's alleged failure to follow Sections 4.3.7, 4.4.2, and 6.1.1 of the Settlement Agreement. Section 4.3.7 mandates that the Settlement Program "shall use its best efforts" to give claimants "assistance, information, opportunities and notice" so that each claimant "has the best opportunity to be determined eligible" for payment. Section 4.4.2 requires the Settlement Program to notify each claimant who had a pending GCCF claim at the time of Settlement "what, if any, additional information may be necessary or desirable to pursue [pending claims] under the terms of the Settlement Agreement." Finally, Section 6.1.1 of the Settlement Agreement creates a notice and appeals process for claims denied "on grounds of insufficient documentation," providing claimants the right to resubmit any such claims "at any time prior to termination of the Settlement Agreement."

With respect to the settlement offset, the claimant alleges that the Appeal Panel's treatment of NOFH&S and NOFH, LLC is inconsistent with the language of the Settlement Agreement that directs separate corporate entities to file separate claims under unique Employer Identification Numbers. The claimants also allege that the Appeal Panel's decision created a split because at least four prior Appel Panel decisions "treated claimants separately when they had separate EINs and filed separate tax returns, despite the fact that they operated in the same locations or shared common ownership." *Claimant ID 100068924 v. BP Expl. & Prod., Inc.*, 765 F. App'x 956, 959 (5th Cir. 2019).

As to the offset payment, BP argues that the separate claims filed by NOFH, LLC and NOFH&S under the GCCF were consolidated under a single claim number, and the GCCF portal made it clear that "both the Corporation and the LLC were evaluated together for this calculation as they are related

entities with 95% + of the corporations sales going to the LLC in the form of an intercompany transfer."

As to the Appeal Panel's determination that the claimant was required but failed to prove causation, BP argues that Rule 13(h) of the Rules Governing the Appeal Process specifically allows claimants to submit additional documents with its "Final Proposal and supporting memorandum" in "any appeal by BP, where BP contends that the claim does not comply with the applicable documentation requirements set forth in the Settlement Agreement." Further, the Rules allow the Appeal Coordinator to extend the Final Proposal deadline if the claimant "cannot reasonably obtain and submit the documentation by the deadline for submitting its Final Proposal."

The Appeal Panel's decision is independently supported by its decision that the claimant was required to prove causation. That decision is precisely the sort of "discretionary administrative decision" that turns on "the facts of a single claimant's case," which the district court has the discretion to deny. *Claimant ID 100212278*, 848 F.3d at 410 (quotation omitted).

AFFIRMED.