# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

No. 19-30917

Claimant ID 100006076,

*Request Parting—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, P.L.C.,

*Objecting Parties-Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-12809

Before Owen, *Chief Judge*, and Dennis and Haynes, *Circuit Judges*.
Per Curiam:*

This case arises from the Deepwater Horizon Economic & Property Damages Settlement Agreement ("Settlement Agreement").  The Appeal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30917

Panel denied Claimant Glen Schooley claims as fraudulent, and the district court denied discretionary review. We AFFIRM.

I.

Under the Settlement Agreement, claimants may recoup economic losses that resulted from the 2010 Deepwater Horizon oil spill. At the time of the oil spill, Schooley worked as a real estate broker in Destin, Florida. In 2012, he filed Business Economic Loss claims totaling over $400,000 for commissions lost on real estate transactions that allegedly failed to materialize due to the spill. Relevant here, Schooley contended that two specific contracts for real estate in Florida were never finalized as a direct result of the spill: one for the purchase of undeveloped land and the other for a shopping center.

The claims pertaining to these two contracts were investigated by the Fraud, Waste, and Abuse Department of the Claims Administrator's Office (FWA), an entity setup under the Settlement Agreement to ensure the integrity of the claims process. Under the rules governing the appeals process for claims under the Settlement Agreement, "[t]he FWA will deny claims where there is clear and compelling evidence that a claim contains false, misleading, forged, or fabricated documents, information, or statements material to the evaluation of the claim, which does not appear to result solely from error or mistake."

After interviewing multiple witnesses and considering the record, the FWA denied Schooley's claims, determining that the alleged real estate deals "were not cancelled as a result of the Spill; rather, the sales were cancelled due to a lack of funding of the purchaser." The FWA also found that Schooley "submitted fabricated documents which also contained forged signatures" and that his submissions "simply could not have been the result of error or mistake but were instead intentionally submitted by the Claimant

in an attempt to deceive the Settlement Program into providing compensation to which the Claimant was not otherwise entitled." The FWA denied Schooley's request for reconsideration.

Schooley appealed to the Appeal Panel, which remanded the FWA's claim denial. The Appeal Panel explained that Schooley's counsel "ha[d] submitted what appear[ed] to be new information, including affidavits that set out Claimant's new counsel's investigation into the fraud allegations."

On remand, the FWA was unconvinced by the new information. It noted, for instance, that it was unclear whether a new affidavit submitted by Claimant's counsel was genuine. The affidavit was purportedly signed by the seller in the shopping center transaction, but the notarization and signatures were contained on different pages. The notarization thus "could have been added to any document" and did not support a finding that the seller had executed the affidavit. The FWA also found that that the information furnished by Schooley's counsel was "misleading" and "directly conflict[ed] with the in-person interviews" it had conducted  In short, the evidence "overwhelmingly" supported denying the claims as fraudulent. The FWA therefore concluded that the "record clearly and compellingly establishes that Claimant submitted intentionally and materially forged and fabricated documents and misleading statements to create a claim where there otherwise was none under the terms of the Settlement Agreement."

Schooley again appealed to the Appeal Panel, which upheld the FWA's denial. The Appeal Panel summarized the FWA's findings and stated that, "[a]fter a complete review of the file it is clear the FWA investigators are correct" that Schooley's claims were based on fabricated documents and forged signatures. In response to Claimant's assertion that FWA investigators intimidated witnesses, the Appeal Panel stated that "it is not likely [that] four separate witnesses were all intimidated to the effect that

they would submit sworn written statements asserting that the contracts at issue were not executed by them."

The district court denied Schooley's request for discretionary review. This appeal follows.

## II.

We review the district court's denial of discretionary review for abuse of discretion. *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017). We emphasize that "under the Settlement Agreement" the district court has discretion "to decide which cases to review." *In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015). "[T]o turn the district court's discretionary review into a mandatory review . . . would frustrate the clear purpose of the Settlement Agreement to curtail litigation." *Id.*

That said, it is generally an abuse of discretion not to review a decision that "actually contradicted or misapplied the Settlement Agreement, or had the clear potential to" do so. *Claimant ID 100212278*, 848 F.3d at 410. On the other hand, the district court does not abuse its discretion by denying a request for review that "involves no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raises the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Id.* (cleaned up).

## III.

Schooley contends that the district court abused its discretion in denying discretionary review because the Appeal Panel failed to apply the "clear and compelling" evidentiary standard for claims based on fraud and therefore misapplied the Settlement Agreement. He points out that the Appeal Panel did not expressly recite the applicable standard. But the FWA repeatedly mentioned the burden of proof and found it was satisfied. And the Appeal Panel determined that it was "clear" that the FWA was correct. That

the Appeal Panel did not itself repeat the clear and compelling standard does not constitute a misapplication of the Settlement Agreement when the FWA did so, and the Appeal Panel reviewed the FWA's determination and found it to be correct.

Schooley's other arguments that the Appeal Panel misapplied or may have misapplied the evidentiary standard fare no better. He notes that, despite his counsel's arguments to the contrary, the Appeal Panel stated that it is "not likely" that multiple witnesses were intimidated by FWA investigators. Based on this passing remark, he contends that the Appeal Panel may have applied a preponderance of the evidence standard rather than the clear and compelling standard. This ignores the Appeal Panel's overall conclusion that the FWA was "correct" that the claims were based on forgery and fabrication. And, as discussed, the FWA applied the proper standard.

Schooley also observes that the Appeal Panel described the statements of witnesses the FWA interviewed as being sworn when they were actually unsworn. This factual error does not persuade us that Appeal Panel failed to apply the relevant standard of proof.

The remainder of Schooley's briefing is devoted to arguing the factual and credibility determinations made by the FWA and the Appeal Panel. Because these arguments are addressed to "the facts of a single claimant's case," the district court did not abuse its discretion in denying review. *Claimant ID 100212278*, 848 F.3d at 410. As explained above, the Settlement Agreement grants the district court discretion "to decide which cases to review." *In re Deepwater Horizon*, 785 F.3d at 999.

## IV.

For these reasons, the judgment of the district court is AFFIRMED.